UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

            Plaintiffs,

          -against-                           **OPINION & ORDER**
                                                           09-CR-619 (SJF)

ANTONIO RIVERA, JASMIN RIVERA, JOHN
WHALEY,

            Defendants.

------------------------------------------------------------X

FEUERSTEIN, J.

      Each of the co-defendants seeks, *inter alia*: (1) a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure; (2) certain discovery pursuant to, *inter alia*, Rule 16 of the Federal Rules of Criminal Procedure, Rule 404(b) of the Federal Rules of Evidence, Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) ("Brady/Giglio material") and the Jencks Act, 18 U.S.C. § 3500; and (3) severance of their trial from the other co-defendants. Defendant John Whaley ("Whaley") also seeks to suppress statements he made to law enforcement agents at the time of his arrest and to strike surplusage from the indictment. For the reasons stated below, defendants' motions are denied in their entirety, with the exception that, upon the government's consent, a hearing is scheduled on Whaley's motion to suppress on a mutually agreeable date to be determined during Whaley's next court appearance.

## I. DEFENDANTS' REQUESTS FOR A BILL OF PARTICULARS

The scope and function of a bill of particulars is to provide necessary facts to inform a defendant of the nature of the charges pending against him in order to enable him to prepare a defense, to avoid surprise at trial and, after trial, to avoid conviction based upon further prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77, 82 (1927); In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 93, 150 (2d Cir. 2008); United States v. Rigas, 490 F.3d 208, 237 (2d Cir. 2007); United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). However, a bill of particulars is not required unless the "charges of an indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (quoting Torres, 901 F.2d at 234). If a defendant has received sufficient notice of the charges against him through the indictment or other pretrial disclosure, a bill of particulars is not required. Id.; Torres, 901 F.2d at 234; Bortnovsky, 820 F.2d at 574. "The 'ultimate test' in determining whether a bill of particulars is appropriate is 'whether the information is necessary, not whether it is helpful to the defendant.'" United States v. Wilson, 493 F.Supp.2d 364, 370 (E.D.N.Y. 2006) (quoting United States v. Weinberg, 656 F.Supp. 1020, 1029 (E.D.N.Y. 1987) (citations omitted)); see also United States v. Morgan, ___ F.Supp.2d ___, 2010 WL 582352, at * 5 (S.D.N.Y. Feb. 11, 2010).

A bill of particulars may not be demanded to acquire "evidentiary detail," Torres, 901 F.2d at 234; as an investigative tool for the defense, Morgan, 2010 WL 582352, at * 5 (citing United States v. Salazar, 485 F.2d 1272, 1277-78 (2d Cir. 1973)); or as a device to obtain details of the government's evidence or theory of its case prior to trial, United States v. Gottlieb, 493

F.2d 987, 994 (2d Cir. 1974); Wilson, 493 F.Supp.2d at 370. The grant of a request for a bill of particulars is discretionary, United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998); see also Chen, 378 F.3d at 162 (holding that a district court's denial of a motion for a bill of particulars is reviewed for abuse of discretion), and requests which "ignore the proper scope and function of a bill of particulars" should be denied. United States v. Volpe, 42 F.Supp.2d 204, 225 (E.D.N.Y. 1999).

Moreover, since a bill of particulars limits the government's proof at trial to the particulars furnished, see, e.g. United States v. Muyet, 945 F.Supp. 586, 601 (S.D.N.Y. 1996); see also United States v. Glaze, 313 F.2d 757, 759 (2d Cir. 1963) ("[T]he government is strictly limited to proving what it has set forth in [its bill of particulars]"), "a request for a bill of particulars should be denied when it would unduly restrict the Government's ability to present its case." Muyet, 945 F.Supp. at 601 (citations omitted).

The government has already provided defendants with ample information regarding the nature of the charges pending against them through the allegations in the indictment and the additional documentation and information previously provided to defendants during discovery. Defendants' requests improperly seek evidentiary details beyond the charges against them as well as the precise nature of the evidence the government intends to offer at trial, e.g., specific names, conduct and dates and times of that conduct; whether the government intends to prove that a defendant was a principal or aider/abettor; and specifics regarding the force, fraud and coercion involved and the manner and place in which aliens were harbored, and to limit the government's proof at trial to the particulars furnished. Since the indictment and discovery have provided defendants with sufficient detail regarding the nature of the government's charges against them,

defendants cannot claim that they are unable to sufficiently defend themselves against those charges or that they will be surprised at trial without the evidentiary details they seek. Accordingly, defendants' requests for bills of particulars are denied in their entirety.

## II. DEFENDANTS' REQUESTS FOR SEVERANCE OF TRIAL

Rule 8(b) of the Federal Rules of Criminal Procedure provides that joinder of two (2) or more defendants is proper as long as the allegations in the indictment charge that defendants "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Thus, joinder is proper where the criminal acts of two (2) or more defendants are "unified by some substantial identity of facts or participants or arise out of a common plan or scheme." United States v. Rittweger, 524 F.3d 171, 177 (2d Cir. 2008); see also United States v. Attanasio, 870 F.2d 809, 815 (2d Cir. 1989) (internal quotations and citations omitted). "In this context, [courts] also apply a commonsense rule to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to either or both of the defendants resulting from the joinder." Rittweger, 524 F.3d at 177 (internal citations and quotations omitted).

Since the charges in the indictment contain overlapping participants and facts, i.e., all defendants are charged with the same conspiracies and substantive offenses, defendants were properly joined pursuant to Rule 8(b). See, e.g. Rittweger, 524 F.3d at 177 (finding that joinder was proper where the indictment alleged that the conspiracies shared a common plan or scheme and a substantial identity of facts or participants); United States v. Feyrer, 333 F.3d 110, 114 (2d

Cir. 2003) (finding joinder proper where the conspiracies occurred during the same time period and shared participants and a common plan).

There is a "preference in the federal system for joint trials of defendants who are indicted together." In re Terrorist Bombings, 552 F.3d at 131 (quoting Zafiro v. United States, 506 U.S. 534, 537 (1993)); United States v. Yousef, 327 F.3d 56, 149 (2d Cir. 2003). Joint trials "promote efficiency" and "serve the interests of justice" by, *inter alia*, avoiding inconsistent verdicts, not requiring the same witnesses to testify repeatedly, preserving judicial resources and avoiding delays. Zafiro, 506 U.S. at 537; see also Bruton v. United States, 391 U.S. 123, 134 (1968) (holding that joint trials conserve state funds, diminish inconvenience to witnesses and public authorities and avoid delays in bring those accused of crimes to trial); Feyrer, 333 F.3d at 114 (holding that for reasons of economy, convenience and avoidance of delay, there is a preference for joint trials).

Nonetheless, Rule 14(a) provides, in relevant part, that "[i]f the joinder of * * * defendants in an indictment * * * appears to prejudice a defendant or the government, the court may * * * sever the defendants' trials, or provide any other relief that justice requires." "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro, 506 U.S. at 538-539; see also Yousef, 327 F.3d at 149-150. A defendant has a "difficult burden" of establishing "substantial prejudice" resulting from a district court's denial of a motion for severance. United States v. Sotomayer, 592 F.2d 1219, 1227-1228 (2d Cir. 1979); see also United States v. Amato, 540 F.3d 153, 164 (2d Cir. 2008) (holding that a district court will only be found to have abused its discretion in denying severance upon a showing of such prejudice as to constitute a

miscarriage of justice).

When defendants have been properly joined under Rule 8(b), severance under Rule 14 should only be granted if "there is a serious risk that a joint trial would [1] compromise a specific trial right of one of the defendants, or [2] prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. The fact that testimony against a co-defendant might be harmful to the moving defendant is not a ground for severance if that testimony would also be admissible against the moving defendant tried separately. See, e.g. id., at 540 (holding that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials" and that "[a] defendant normally would not be entitled to exclude the testimony of a former codefendant if the district court did sever their trials, and [there is] no reason why relevant and competent testimony would be prejudicial merely because the witness is also a codefendant."); see also Torres, 901 F.2d at 230 (holding that defendants seeking severance "must show that [they will be] so severely prejudiced by the joinder as to [be] denied a fair trial, not that [they] might have [ ] a better chance for acquittal at a separate trial").

Both defendants Antonio Rivera and Jasmin Rivera have moved for severance on the ground that they will be denied their Sixth Amendment right to confront the witnesses against them, in violation of Bruton v. United States, 391 U.S. 123, 126 (1987), if Whaley's statements to law enforcement agents are admitted at trial. However, the government correctly asserts that Whaley's brief oral statements of certain facts are readily amenable to redaction and an instruction to the jury that such statements may only be used as evidence against Whaley, which will prevent any prejudice to defendants Antonio Rivera and Jasmin Rivera. Moreover, during the suppression hearing regarding Whaley's statements, the Court will be able to ascertain if in

fact redaction and a limiting instruction are necessary at all.

Insofar as defendants Antonio Rivera and Jasmin Rivera claim that a joint trial will result in prejudice from "spillover" that may occur during the trial, these defendants may request a limiting instruction.

Insofar as defendants claim that a joint trial would preclude them from calling their co-defendants as witnesses to provide exculpatory evidence because of their respective rights to invoke the Fifth Amendment privilege against self-incrimination, the Second Circuit has identified the following four (4) factors relevant in evaluating such a claim:

1) the sufficiency of the showing that the co-defendant would testify at a severed trial and waive his Fifth Amendment privilege;

2) the degree to which the exculpatory testimony would be cumulative;

3) the counter arguments of judicial economy; and

4) the likelihood that the testimony would be subject to substantial, damaging impeachment.

United States v. Finkelstein, 526 F.2d 517, 523-24 (2d Cir. 1975). Since none of the defendants has indicated that he or she would be willing, in fact, to waive his or her Fifth Amendment privilege and testify on behalf of the co-defendants at any severed trial, or provided specifics as to what the alleged exculpatory testimony of his or her co-defendants would relate, defendants have not satisfied their difficult burden of establishing substantial prejudice resulting from a joint trial. Accordingly, the branches of defendants' respective motions seeking severance of the trial are denied.

III. DISCLOSURE ISSUES[1]

   A.   Witness Information

Insofar as defendants request disclosure of the identities of government's witnesses, the prosecution has no general duty to disclose the identity of its witnesses who will testify against defendants in advance of trial. See, e.g., Weatherford v. Bursey, 429 U.S. 545, 559-60 (1977); United States v. Alessi, 638 F.2d 466, 481 (2d Cir. 1980), nor does Rule 16 of the Federal Rules of Criminal Procedure require the government to furnish the names of its witnesses prior to trial. The government is only required to disclose the identities of its witnesses upon "'a *specific* showing that disclosure was both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case.'" United States v. Bejasa, 904 F.2d 137, 139-40 (2d Cir. 1990) (emphasis and alterations in original) (quoting United States v. Cannone, 528 F.2d 296, 301 (2d Cir. 1975) (district court abused its discretion in ordering disclosure of witness identities where defense "made only an abstract, conclusory claim that such disclosure was necessary" and government showed reasons disclosure should not be ordered)). Since defendants have made no such showing here, their requests for the disclosure of the government's witnesses are denied.

---

[1] The government asserts, *inter alia*: (1) that by letter dated October 9, 2009, it (a) provided defendants with all Rule 16 discovery, either by providing them with courtesy copies of the materials or by notifying them that such materials were available for inspection, and advised defendants that it will comply with its continuing obligation to provide any additional evidence which it may come to possess, and (b) advised defendants that it would provide notice of any evidence pursuant to Federal Rules of Evidence 404(b) within two (2) weeks prior to trial; and (2) that it does not intend to offer any summary witnesses or charts at trial. Accordingly, the branches of defendants' motions seeking such discovery are denied at this time, with leave to renew in the event the government does not comply with its discovery obligations as stated.

B.  Jencks Act Material (Witness and Coconspirator Statements)

Moreover, since the Jencks Act requires disclosure of a witness's statement, including a coconspirator's statement, see, e.g. United States v. Percevault, 490 F.2d 126, 131 (2d Cir. 1974)[2], only <u>after</u> a government witness has testified on direct examination, 18 U.S.C. § 3500(a); see also United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001) (holding that the "Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements"); Fed. R. Crim. P. 16(a) (2) (discovery of witness statements not authorized "except as provided in 18 U.S.C. § 3500."), the Court will not compel the production of such material at this time. Nevertheless, the government has agreed to produce such material in advance of trial.

C.  Brady/Giglio Material

The government has also agreed to provide all impeachment evidence to defendants "approximately one week prior to the testimony of its witnesses" and any exculpatory material, including redacted witness statements pursuant to a protective order. Since the government is only required to disclose such materials "in time for its effective use at trial," and not upon request, Coppa, 267 F.3d at 142-143, the Court will not compel the production of such material at this time.

IV.  WHALEY'S MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT

Although Rule 7(d) of the Federal Rules of Criminal Procedure permits a district court to

---

[2] Statements of non-testifying coconspirators are not discoverable at all. See, e.g. United States v. Yarborough, No. 06-CR-190(A), 2007 WL 962926, at * 16 (W.D.N.Y. Mar. 28, 2007) (citing In re United States, 834 F.2d 283, 286 (2d Cir. 1987)).

delete extraneous material from an indictment, a motion to strike surplusage from an indictment should not be granted unless "the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." United States v. Mulder, 273 F.3d 91, 99 (2d Cir. 2001) (quoting United States v. Scarpa, 913 F.2d 933, 1013 (2d Cir. 1990)); see also United States v. Hernandez, 85 F.3d 1023, 1030 (2d Cir. 1996). In addition, even language deemed prejudicial should not be stricken if evidence of the allegation is admissible and relevant to the charge. See Scarpa, 913 F.2d at 1013; United States v. Mahaffy, 446 F.Supp.2d 115, 118 (E.D.N.Y. 2006). "Given this exacting standard, such motions [to strike] are rarely granted." United States v. Coffey, 361 F.Supp.2d 102, 123 (E.D.N.Y. 2005).

Assuming, without deciding, that information of Whaley's alias is prejudicial, evidence of such alias may be admissible and relevant, for impeachment purposes, in the event the defense raises issues concerning Whaley's character or Whaley testifies at trial. Moreover, Whaley has not established that the phrase "and other Latin American women" is not relevant to the crimes charged or is otherwise inflammatory or prejudicial. Accordingly, the branch of Whaley's motion seeking to strike certain language from the indictment as surplusage is denied without prejudice to renewal.

**SO ORDERED.**

/s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 7, 2010
Central Islip, New York