UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

        Plaintiffs,

-against-

ANTONIO RIVERA, JASMIN RIVERA, JOHN WHALEY,

        Defendants.

----------------------------------------X

**OPINION & ORDER**
09-CR-619 (SJF)

FEUERSTEIN, J.

Pending before me is the motion of defendant John Whaley ("Whaley") pursuant to 18 U.S.C. § 3142(f)(B) to reopen the detention hearing and, upon reopening, to release him from custody pending trial. The government opposes the motion. For the reasons stated below, Whaley's motion is denied.

I.    HISTORY

Whaley was arrested on August 10, 2009 and charged by way of indictment with conspiracy to engage in sex trafficking by means of force, fraud and coercion, in violation of 18 U.S.C. § 1594(c); substantive counts of engaging in sex trafficking by means of force, fraud and coercion, in violation of, *inter alia*, 18 U.S.C. §§ 1591(a)(1) and (2); conspiracy to commit forced labor, in violation of 18 U.S.C. § 1594(b); substantive counts of forced labor, in violation of, *inter alia*, 18 U.S.C. § 1589; conspiracy to harbor aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (B)(iii); and substantive counts of harboring aliens, in violation of 8

1

U.S.C. §§ 1324(a)(1)(A)(iii), (A)(v)(II) and (B)(iii).

Following a presentment and bail hearing on August 10, 2009, Magistrate Judge Orenstein ordered that Whaley be detained pending trial. During that hearing, the government argued, *inter alia*, that Whaley be detained pending trial because: (1) the evidence against him was "very strong," (T. 3); (2) Whaley has "a number of" prior convictions for both misdemeanors and felonies, (id.); and (3) the rebuttable presumption favoring detention under 18 U.S.C. § 3142(e)(3) was applicable because Whaley was charged with an offense under Chapeter 77 of Title 18, i.e., 18 U.S.C. § 1591, and two (2) of the "Jane Doe" victims were individuals under the age of seventeen (17) years, (id.). Whaley addressed the Court during the bail hearing, at which time he explained his prior convictions and life circumstances and advised that he is "non violent," has "no intention of running" and would not contact any potential witnesses. (T. 5-8). Magistrate Judge Orenstein found, *inter alia*, that "if released [Whaley] would be a danger to the community based upon the factors set forth in the affidavit in support of the search warrant and arrest warrant, that he had been transporting some of [the victims] back and forth to their homes. [Whaley] knows exactly where [those witnesses] live[] and would be very capable of attempting to intimidate witnesses in this case if he were released." (T. 7). Magistrate Judge Orenstein further based the detention order on Whaley's prior felony convictions for, *inter alia*, attempted burglary in the third degree, a class E felony.[1] (T. 7).

---

[1] Since 2000, Whaley has been convicted of the following crimes: (1) criminal mischief, in violation of N.Y. Penal Law § 145.00, a class A misdemeanor; (2) unlawful use of a motor vehicle in the third degree, in violation of N.Y. Penal Law § 165.05, a class A misdemeanor; (3) criminal possession of stolen property in the fifth degree, in violation of N.Y. Penal Law § 165.40; and (4) attempted burglary in the third degree, in violation of N.Y. Penal Law §§ 110 and 140.20, a class E felony (two [2] convictions). For his second conviction of attempted burglary in the third degree, Whaley was sentenced as a second felony offender. (See Letter of Tracey L.

On September 9, 2009, Whaley was arraigned upon the same charges before me, at which time he entered a plea of not guilty.

II. DISCUSSION

Whaley now moves to reopen the detention hearing on the basis that information exists that was not known to his defense counsel at the time of the original detention hearing before Magistrate Judge Orenstein which "has a material bearing on the issue of whether there are conditions of release that will reasonably assure [his] appearance * * * as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(B). Specifically, Whaley alleges that "after months of going through discovery provided by the government,[] it has become apparent that there is no evidence that [he] committed the crimes charged in the indictment." (Declaration of Tracey L. Eadie Gaffey [Gaffey Decl.], pp. 5-6). Whaley contends that "the weakness of the government's case against [him] * * * is a change in circumstances that was not known to [defense] counsel and not argued at the inception of this case." (Id. at p. 7).

In opposition, the government contends, *inter alia*, that Whaley should not be released on bail in light of the rebuttable presumption in favor of detention pursuant to 18 U.S.C. § 3142(e)(3)(D) and Whaley's prior criminal convictions.

18 U.S.C. § 3142(e) provides, in relevant part, as follows:

> "(1) If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. * * * (3) Subject to rebuttal by the person, it shall be

---

Eadie Gaffey, Esq. dated April 9, 2010 [Gaffey Ltr.]).

presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed– * * * (D) an offense under chapter 77 of this title for which a maximum term of imprisonment of 20 years or more is prescribed; or (E) an offense involving a minor victim under section * * * 1591, * * * of this title.

18 U.S.C. § 3142(f) provides, in relevant part, that a detention hearing shall be held "to determine whether any condition or combination of conditions * * * will reasonably assure the appearance of such person as required and the safety of any other person and the community." That section further provides, in relevant part, that "[t]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(B). 18 U.S.C. § 3142(g) provides the factors to be considered by the court in making its determination under subsection (f). As is relevant here, subsection (g)(2) provides that the Court must consider "the weight of the evidence against the person."

Even assuming, without deciding, that the alleged paucity of the government's evidence against Whaley was information "that was not known to [Whaley] at the time of the [bail] hearing," Whaley has not demonstrated that such information "has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of [Whaley] as required and the safety of any other person and the community." 28 U.S.C. § 3142(f)(B). Indeed, the weight of the government's evidence against Whaley does not affect the very factors upon which Magistrate Judge Orenstein relied in ordering Whaley's detention, i.e., his criminal history, including his admitted failure to appear during a prior proceeding (T. 5-6),

4

and the unrebutted presumption, made even stronger by Whaley's knowledge of the whereabouts of the victims in this case, that his release would pose a serious danger to others. Defense counsel erroneously focuses exclusively on one (1) of the four (4) factors a court must consider under Section 3142(g) and entirely ignores the remaining three (3) factors: (a) that Whaley is charged with an offense in violation of section 1591 and that at least two (2) of the victims were minors, see 18 U.S.C. § 3142(g)(1); (b) that Whaley, *inter alia*, has a prior criminal history involving convictions for both misdemeanors and felonies, see 18 U.S.C. § 3142(g)(3)(A); and (c) that there is a presumption, which Whaley has failed to rebut[2], that his release would pose a serious danger to the victims and witnesses, see 18 U.S.C. §§ 3142(e) and (g)(4), made even stronger by the fact that Whaley knows where the alleged victims live. Thus, the balance of all the factors under Section 3142(g) favors Whaley's detention, notwithstanding the weight of the evidence disclosed to Whaley to date.[3]

In addition, Whaley has not demonstrated that the circumstances concerning his bail application have significantly changed since Magistrate Judge Orenstein's detention order so as to warrant reopening the detention hearing and releasing Whaley on bail. See United States v.

---

[2] Since an indictment was returned against Whaley, the probable cause requirement is established under 18 U.S.C. § 3142(e).

[3] Whaley's argument regarding the weight of the government's evidence against him that has been disclosed to him to date fails to take into account any testimonial evidence against him from the government's witnesses, which, as noted in my prior April 7, 2010 order denying defendants' various discovery requests, the government has no duty to disclose in advance of trial. See, e.g., Weatherford v. Bursey, 429 U.S. 545, 559-60 (1977); United States v. Alessi, 638 F.2d 466, 481 (2d Cir. 1980). By challenging the weight of the government's evidence against him in the instant motion, Whaley is, in essence, improperly seeking to vitiate that prior order by requesting a further detention hearing during which the government would be required to present all of its evidence against Whaley in advance of trial in order to prevent his release from detention. As noted in my April 7, 2010 order, Whaley is not entitled to such broad disclosure at this time.

Jerdine, No. 1:08 CR 00481, 2009 WL 4906564, at * 3 (N.D. Ohio Dec. 18, 2009) ("New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of * * * the strength of the case against him: truly changed circumstances, something unexpected, or a significant event.") Whaley's prior criminal history, consisting of three (3) convictions for misdemeanors and two (2) felony convictions, has not changed, nor has his life circumstances. In fact, defense counsel admits that some of the discovery provided by the government to date indicates that Whaley, at a minimum, transported some of the victims in this case between their homes and the establishments in issue, (Gaffey Ltr., pp. 6-7), which is one of the very factors, in addition to the rebuttable presumption of Section 3142(e), upon which Magistrate Judge Orenstein relied in finding that Whaley would be a danger to others. Accordingly, the weight of the evidence factor, alone, is insufficient to rebut the presumption in favor of detention under the circumstances present in this case.

Absent any indication that the factors upon which Magistrate Judge Orenstein relied in ordering Whaley's detention have actually and materially changed, Whaley is not entitled to reopen the detention hearing. See Jerdine, 2009 WL 4906564, at * 3; cf. United States v. Jones, 583 F.Supp.2d 513 (S.D.N.Y. 2008) (finding that the weight of the evidence had sufficiently changed to warrant reconsideration of the prior detention order, and to rebut the presumption of detention, because new documentary evidence was presented after the detention hearing which directly contradicted the testimony of an eyewitness at the detention hearing regarding the defendant's presence at the crime scene); United States v. Torres, 435 F.Supp.2d 179 (W.D.N.Y. 2006) (granting the defendant's motion to reopen the detention hearing where one of the cooperating witnesses, upon whose testimony the Court relied in detaining the defendant, had

admittedly been discredited thus, weakening the government's case against that defendant; but, upon reopening, continuing the defendant's detention). Other than generally challenging the sufficiency of the government's evidence against him, Whaley does not point to any evidence contradicting the facts set forth in the affidavit in support of the search warrant and arrest warrant linking him to the crimes charged or otherwise identify any truly changed circumstance or significant event. Nor does Whaley proffer any affirmative evidence indicating that conditions exist that would reasonably assure the safety of the victims and others upon his release. See, e.g. United States v. Moore, No. 2:09-cr-00222-41, 2010 WL 1006205, at * 4 (S.D. W. Va. Mar. 16, 2010) (reversing the magistrate judge's order releasing the defendant on bond and ordering the defendant's continued detention where the defendant merely cast doubt on the government's evidence against him, but he otherwise failed to provide affirmative evidence which would indicate that conditions existed that would reasonably assure the safety of others upon his release).

III. CONCLUSION

For the reasons set forth above, Whaley's motion to reopen the detention hearing is denied.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 21, 2010
Central Islip, New York