UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

                    Plaintiffs,

          -against-

ANTONIO RIVERA, JASMIN RIVERA, JOHN
WHALEY and JASON VILLAMAN,

                    Defendants.
-----------------------------------------------------------X

**OPINION & ORDER**
09-CR-619 (SJF)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUN 1 1 2013   ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On May 26, 2011, defendant Antonio Rivera ("Rivera") was convicted, upon a jury verdict, of one (1) count of conspiracy to commit sex trafficking by means of force, fraud and coercion in violation of, *inter alia*, 18 U.S.C. §§ 371 and 1591(a), effective October 28, 2000 to December 22, 2008[1] (count one of the superceding indictment); one (1) count of conspiracy to commit sex trafficking by means of force, fraud and coercion in violation of, *inter alia*, 18 U.S.C. §§ 1594(c), effective December 23, 2008, and 1591(a), as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), Pub. L. 110-457, 122 Stat. 5044, Title II, § 222(b)(5), enacted on December 23, 2008.[2] (count fourteen of the superceding indictment); four (4) counts of sex trafficking by means of force, fraud and coercion in violation of, *inter alia*, 18 U.S.C. § 1591(a) (2000) (counts two through five of the superceding indictment); two

---

[1] The prior statute, effective October 28, 2000 to December 22, 2008, will hereinafter be referred to as "18 U.S.C. § 1591 (2000)".

[2] The current statute, effective December 23, 2008, will hereinafter be referred to as "18 U.S.C. § 1591 (2009)."

1

(2) counts of sex trafficking by means of force, fraud and coercion in violation of *inter alia*, 18 U.S.C. § 1591(a) (2009) (counts fifteen and sixteen of the superceding indictment); one (1) count of conspiracy to commit forced labor in violation of, *inter alia*, 18 U.S.C. §§ 371 and 1589, effective October 28, 2000 to December 22, 2008[3] (count six of the superceding indictment); one (1) count of conspiracy to commit forced labor in violation of, *inter alia*, 18 U.S.C. §§ 1589(d), as amended by the TVPRA,[4] effective December 23, 2008, and 1594(b), effective December 23, 2008 (count seventeen of the superceding indictment); seven (7) counts of forced labor in violation of, *inter alia*, 18 U.S.C. § 1589 (2000) (counts seven through thirteen of the superceding indictment); four (4) counts of forced labor in violation of, *inter alia*, 18 U.S.C. §1589 (2009) (counts eighteen through twenty-one of the superceding indictment); one (1) count of conspiracy to transport and harbor aliens in violation of, *inter alia*, 8 U.S.C. § 1324(a)(1) (count twenty-two of the superceding indictment); seven (7) counts of transportation of aliens within the United States in violation of, *inter alia*, 8 U.S.C. § 1324(a)(1) (counts twenty-three through twenty-nine of the superceding indictment); and seven (7) counts of alien harboring in violation of, *inter alia*, 8 U.S.C. § 1324(a)(1) (counts thirty through thirty-six of the superceding indictment).

Defendant John Whaley ("Whaley") was convicted, upon a jury verdict, of one (1) count of conspiracy to commit sex trafficking by means of force, fraud and coercion in violation of, *inter alia*, 18 U.S.C. §§ 371 and 1591(a) (2000) (count one of the superceding indictment); one (1) count of conspiracy to commit sex trafficking in violation of, *inter alia*, 18 U.S.C. §§ 1594(c)

---

[3] The prior version of 18 U.S.C. § 1589, effective October 28, 2000 to December 22, 2008, will hereinafter be referred to as "18 U.S.C. § 1589 (2000)."

[4] The current version of 18 U.S.C. § 1589, effective December 23, 2008, will hereinafter be referred to as "18 U.S.C. § 1589 (2009)."

2

and 1591(a) (2009) (count fourteen of the superceding indictment); one (1) count of conspiracy to commit forced labor in violation of, *inter alia*, 18 U.S.C. §§ 371 and 1589 (2000) (count six of the superceding indictment); one (1) count of conspiracy to commit forced labor in violation of, *inter alia*, 18 U.S.C. §§ 1589(d) and 1594(b) (2009) (count seventeen of the superceding indictment); four (4) counts of forced labor in violation of, *inter alia*, 18 U.S.C. §1589 (2009) (counts eighteen through twenty-one of the superceding indictment); one (1) count of conspiracy to transport and harbor aliens in violation of, *inter alia*, 8 U.S.C. § 1324(a)(1) (count twenty-two of the superceding indictment); five (5) counts of transportation of aliens within the United States in violation of, *inter alia*, 8 U.S.C. § 1324(a)(1) (counts twenty-four through twenty-eight of the superceding indictment); and five (5) counts of alien harboring in violation of, *inter alia*, 8 U.S.C. § 1324(a)(1) (counts thirty-one through thirty-five of the superceding indictment).

Defendant Jason Villaman ("Villaman") was convicted, upon a jury verdict, of one (1) count of conspiracy to commit sex trafficking by means of force, fraud and coercion in violation of *inter alia*, 18 U.S.C. §§ 371 and 1591(a) (2000) (count one of the superceding indictment);two (2) counts of sex trafficking by means of force, fraud and coercion in violation of *inter alia*, 18 U.S.C. §§ 1591(a) and (b)(1) (2000) (counts two and three of the superceding indictment);one (1) count of conspiracy to commit forced labor in violation of, *inter alia*, 18 U.S.C. §§ 371 and 1589 (2000) (count six of the superceding indictment); two (2) counts of forced labor in violation of, *inter alia*, 18 U.S.C. § 1589 (2000) (counts seven and eight of the superceding indictment);one (1) count of conspiracy to transport and harbor aliens in violation of,*inter alia*, 8 U.S.C. § 1324(a)(1) (count twenty-two of the superceding indictment); four (4) counts of transportation of aliens within the United States in violation of, *inter alia*, 8 U.S.C. § 1324(a)(1) (counts twenty-three, twenty-four, twenty-seven and twenty-nine of the superceding indictment); and five (5) counts of alien harboring

3

in violation of, *inter alia*, 8 U.S.C. § 1324(a)(1) (counts thirty, thirty-one and thirty-four through thirty-six of the superceding indictment).

Rivera and Whaley have not yet been sentenced upon their respective convictions. Nonetheless, both of them filed petitions seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255. By orders dated February 1, 2012, both petitions were dismissed without prejudice as premature. By mandate issued on November 27, 2012, the United States Court of Appeals for the Second Circuit, *inter alia*, dismissed Rivera's appeal of the February 1, 2012 order "because [Rivera] may not bring a Section 2255 motion until he is 'under sentence,'" Rivera v. United States of America, No. 12-2254 (quoting 28 U.S.C. § 2255(a)), and remanded Rivera's claim that his trial counsel provided ineffective assistance of counsel for the Court to "consider, in the first instance, whether it is appropriate to inquire into the merits of the claim prior to judgment." Id. (citing United States v. Brown, 623 F.3d 104, 113 (2d Cir. 2010)). Accordingly, Rivera's claim in his Section 2255 petition that he was denied the effective assistance of counsel at trial will be deemed to be a motion pursuant to Rule 33 of the Federal Rules of Criminal Procedure to set aside the jury verdict and for a new trial.

Whaley also moves pursuant to Rule 33 of the Federal Rules of Criminal Procedure to set aside the jury verdict and for a new trial on the basis that he was denied the effective assistance of counsel at trial.

I. DISCUSSION

    A. Consideration of Claim Prior to Sentencing

Rivera's claim that his trial counsel provided ineffective assistance of counsel, raised for the first time in his petition for a writ of habeas corpus pursuant to Section 2255, was remanded to this Court with instructions to "consider, in the first instance, whether it is appropriate to inquire into the merits of the claim prior to judgment." Rivera v. United States of America, 12-2254. In Brown, 623 F.3d at 113, the Second Circuit held that "when a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding." "The decision to interrupt the pre-judgment proceedings to inquire into the merits of an ineffective assistance of counsel claim may depend on, among other things, whether the court would need to relieve the defendant's attorney, or in any event, to appoint new counsel in order to properly adjudicate the merits of the claim." Id.

"[T]he proper procedural avenue for defendants who wish to raise ineffective assistance claims after conviction but prior to sentencing is a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33." Brown, 623 F.3d at 113 n. 5. "[U]nder Rule 33 a defendant must bring a motion for new trial within 14 days of the verdict or finding of guilt, unless the court finds that the late filing was the product of 'excusable neglect.'" Brown, 623 F.3d at 113 n. 5 (quoting Fed. R. Crim. P. 45(b)(2)). The verdict finding defendants guilty of the charges against them was rendered on May 26, 2011, but on June 21, 2011, I granted the application of Whaley's counsel for an extension of time to file post-trial motions until July 18, 2011. A motion seeking a new trial pursuant to Rule 33 of the Federal Rules of Civil Procedure was filed by Rivera's counsel on July 29, 2011 and a motion seeking a judgment of acquittal and new trial pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure was filed by Whaley's

5

counsel on August 2, 2011. Those motions were denied on the merits by order dated June 19, 2012. Whaley and Rivera did not raise any ineffective assistance of trial counsel claim until they filed petitions seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on November 3, 2011 and November 9, 2011, respectively, more than five (5) months after the verdict of guilt. Rivera and Whaley do not advance any reason for their more than five (5) month delay in advancing an ineffective assistance of trial counsel claim and, thus, I find that their failure to advance such a claim by July 18, 2011, the extended deadline for filing post-trial motions, was not the result of excusable neglect. To hold otherwise would offer an end-run around the fourteen (14) day period specified in Rule 33, i.e., it would allow any defendant who misses the fourteen (14) day period to instead file a petition pursuant to 28 U.S.C. § 2255 for consideration of an otherwise untimely ineffective assistance of counsel claim.[5] In light of the failure to timely file an ineffective assistance of counsel claim of which Rivera and Whaley were clearly aware at the time of verdict without any reasonable excuse, it is not appropriate to inquire into the merits

---

[5] This case is distinguishable from Brown because in that case, the defendant asserted that he first learned about the conduct upon which he based his ineffective assistance of counsel claim, i.e., the failure to convey a plea offer, approximately six (6) months after the verdict. The Second Circuit found that under the facts of that case, the defendant had "a reasonable contention to be adjudicated by the district court that his failure to move within the time specified in Rule 33 was attributable to excusable neglect." 623 F.3d at 113 n. 5. To the contrary, Whaley and Rivera challenge the conduct of their counsel that occurred primarily prior to or during the trial and of which they were clearly aware as of the date of the verdict. Indeed, Whaley twice sought the appointment of new counsel during the criminal proceedings by letters dated May 17 and September 23, 2010, and Rivera sought the appointment of new counsel by letters dated May 20, 2010 and June 23, 2011. Whaley's applications for new counsel was denied on October 12, 2010, Rivera withdrew his first application for the appointment of new counsel during court proceedings on June 29, 2010 and Rivera's subsequent application for the appointment of new counsel was denied on June 30, 2011. To the extent Whaley challenges his counsel's failure to raise a claim in the Rule 29 motion, the motion was filed on August 2, 2011, yet Whaley did not raise an ineffective assistance claim until three (3) months thereafter. Thus, there is no reasonable excuse for their failure to timely raise an ineffective assistance of trial counsel claim.

of the ineffective assistance of counsel claims prior to judgment. Accordingly, Rivera's and Whaley's ineffective assistance of trial counsel claims are denied as untimely.

B. Merits

Even considering the merits of Rivera's and Whaley's ineffective of counsel claims, those claims are denied.

"Brown does not require as a categorical matter that district courts grant a full-blown testimonial hearing in response to all such claims." United States v. Fleurimont, 401 Fed. Appx. 580, 582 (2d Cir. Nov. 18, 2010) (summary order). Although counsel who represented Rivera and Whaley at trial have been relieved as counsel and they are both represented by new counsel in the criminal proceeding, a testimonial hearing on the merits of the ineffective assistance of trial counsel claims is not required because, *inter alia*, trial counsel expressly deny any ineffectiveness and articulate "clear, sensible, strategic reasons" for the conduct challenged by Rivera and Whaley and Rivera's and Whaley's claims of ineffective assistance of counsel are implausible on their face. See, e.g. Fleurimont, 401 Fed. Appx. at 582.

In order to prevail on a Sixth Amendment ineffective assistance of counsel claim, defendants must prove both: (1) that their counsels' representation "fell below an objective standard of reasonableness" measured against "prevailing professional norms;" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). A "reasonable probability" is a probability "sufficient to undermine

7

confidence in the outcome." Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411, 1422, 173 L.Ed.2d 251 (2009) (quoting Strickland, 466 U.S. at 694, 104 S. Ct. 2052).

A defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." Knowles, 556 U.S. 111, 129 S.Ct. at 1420; see also Cullen v. Pinholster, 131 S. Ct. 1388, 1407, 179 L. Ed. 2d 557 (2011) ("Strickland specifically commands that a court must indulge the strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." (alterations, quotations and citation omitted)). This presumption may only be rebutted by demonstrating that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S.Ct. 2052; see also Cornell v. Kirkpatrick, 665 F.3d 369, 377 (2d Cir. 2011) (holding that errors by counsel which violate the Sixth Amendment "include omissions that cannot be explained convincingly as resulting from a sound trial strategy but instead arose from oversight, carelessness, ineptitude, or laziness." (quotations and citations omitted)); Greiner v. Wells, 417 F.3d 305, 326 (2d Cir. 2005) ("Without evidence establishing that counsel's strategy arose from the vagaries of ignorance, inattention or ineptitude * * * Strickland's strong presumption [of effective assistance of counsel] must stand." (quotations and citation omitted)). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight," Strickland, 466 U.S. at 689, 104 S. Ct. 2052; see also Morales v. U.S., 635 F.3d 39, 44 (2d Cir. 2011), cert. denied, 132 S. Ct. 562, 181 L. Ed. 2d 417 (2011), and the court should review the circumstances "from counsel's perspective at the time" of the trial. Strickland, 466 U.S. at 689; see also Harrington v. U.S., 689 F.3d 124, 129 (2d Cir. 2012). "[St]rategic choices made after

8

thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Knowles, 129 S.Ct. at 1420, 1421 (quoting Strickland, 466 U.S. at 690, 104 S.Ct. 2052); see also Rosario v. Ercole, 601 F.3d 118, 129 (2d Cir. 2010).

Rivera and Whaley both contend that their respective trial counsel was ineffective for: (1) failing to call certain witnesses for their defense; (2) failing to introduce certain evidence at trial, including a video that recorded the activities inside the bar; (3) failing to hire a private investigator; and (4) failing to effectively cross-examine government witnesses at trial. In addition, Rivera contends that his counsel was ineffective for making prejudicial statements to the jury by stating that "'the women were prostitutes' and that Rivera knew this for a fact," and Whaley contends that his counsel was ineffective for: (1) advising him not to testify at trial; (2) failing to seek a hearing pursuant to Franks v. Delaware to challenge the arrest warrants for lack of probable cause; and (3) failing to contest the charges of harboring and transportation of illegal aliens within the United States in the Rule 29 motion.

Neither Rivera nor Whaley have demonstrated that any of the challenged conduct by their respective trial counsel, either standing alone or cumulatively, amounted to anything other than reasonable strategic decisions by counsel. Counsels' failure to introduce the video tape at one (1) of the bars during a time period in which none of the testifying witnesses were present at that bar was not ineffective. Moreover, counsel for both Rivera and Whaley indicate that they reviewed the video and found "no useful information" in it.

Furthermore, although Rivera challenges his counsel's failure to retain a private investigator, he admits that his counsel in fact requested a private investigator, but his application was denied by the Court since Rivera could not specify what he wanted the investigator to

9

pursue. In addition, Rivera's counsel reasonably and competently cross-examined Agent Brust and indicates that he "cross-examined Agent Brust in the manner that [he] believed was most advantageous to Mr. Rivera * * * based on [his] twenty-five years of experience as a criminal defense trial attorney." Thus, Rivera's counsel's representation was not objectively unreasonable.

Whaley's counsel indicates that she had "a number of discussions" with Whaley regarding the possibility of filing a motion seeking a hearing pursuant to Franks v. Delaware, but "ultimately decided that such a motion did not lie." Moreover, Whaley's counsel's decision to address only certain counts in her Rule 29 motion, those upon which there was clearly a greater likelihood of success, was not ineffective. See, e.g. Sellan v. Kuhlman, 261 F.3d 303, 317 (2d Cir. 2001 ("Th[e] process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") Furthermore, Whaley's counsel reasonably and competently cross-examined the witnesses at trial and indicates that she used a few of the questions suggested to her by Whaley, but did not use those she thought were not helpful. Thus, Whaley's counsel's representation was not objectively unreasonable.

In any event, in light of the overwhelming evidence of Rivera's and Whaley's guilt of the charges of which they were convicted, there is no reasonable probability that, but for any errors on behalf of their respective counsel, the result of the proceeding would have been different. Indeed, Rivera, *inter alia*, (1) does not even indicate about what the three (3) defense witnesses he claims his counsel failed to call at trial would testify; and (2) although he claims that his counsel failed to introduce documents into evidence at trial that pertain to calls made by security

guards, waitresses and customers to the police department to contradict the testimony of the government witnesses that they never saw police officers at the bar, there is no indication that those calls were made when the testifying witnesses were present at the bars. Moreover, Rivera admits that a witness was cross-examined about police reports made by people from the bars. Furthermore, Rivera's counsel indicates that none of the witnesses with whom he spoke gave any information that proved useful to Rivera's case and that none of the documents to which Rivera refers would have proven useful to his defense. Accordingly, Rivera's ineffective assistance of counsel claims are denied.

With respect to Whaley, far from being ineffective, his counsel's advice to not testify at trial was prudent given, *inter alia*, that it would have subjected him to cross-examination by the government and, at most, his self-serving testimony would merely have contradicted the testimony of the numerous government witnesses. Thus, there is no reasonable probability that his contradictory testimony would have altered the outcome of the proceedings. Although Whaley conclusorily indicates that there are more than (10) witnesses whom his counsel could have called to testify about their duties and employment at the bars, he does not indicate about what those witnesses would have testified. Whaley's counsel indicates that she and an investigator for the Central Islip Federal Defenders Office attempted to contact "a number of people in connection with this case;" that some of those people were unresponsive; and that none of the people with whom they spoke were helpful to Whaley's case. Nor does Whaley indicate what a private investigator could have discovered that would have changed the outcome of the proceedings. Indeed, Whaley's counsel indicates that she had the investigator in the Federal Defenders' Brooklyn Office investigate certain matters in this case, but such investigation failed

to uncover any useful information or witnesses. Moreover, contrary to Whaley's contention, there was evidence presented at trial that some of the waitresses engaged in sexual conduct at other bars. Accordingly, Whaley's ineffective assistance of counsel claims are denied.

II. CONCLUSION

For the reasons set forth above, Rivera's and Whaley's ineffective assistance of counsel claims are denied.

**SO ORDERED.**  s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: June 11, 2013
Central Islip, New York