UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES,

                        -against-

JOHN WHALEY,

                              Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
09-CR-619-JMA-3

**AZRACK, United States District Judge:**

On November 9, 2021, this Court denied the motion of defendant John Whaley ("Defendant" or "Whaley") in which he sought compassionate release based on the COVID-19 pandemic. (ECF No. 593.) The Court found that Whaley failed to demonstrate "extraordinary and compelling" circumstances warranting compassionate release and that the Section 3553(a) sentencing factors weighed against granting the application. (Id.) Defendant has moved for reconsideration and has also filed various submissions raising additional arguments. (Mot., ECF No. 601.) As explained below, whether construed as a reconsideration motion or as a renewed motion for compassionate release, the Court denies Defendant's motion and his requests for compassionate release.

Defendant is presently serving a term of 25 years of incarceration, with a projected date of release from custody on November 28, 2030. (ECF No. 576 at 2 n.2.) Defendant first moved for compassionate release on January 21, 2021. ("Initial Motion", ECF No. 574.) After Judge Feuerstein's passing, the case was reassigned to the undersigned. (ECF No. 593.) The Court denied the motion on November 9, 2021. (Id.) Defendant appealed and the Second Circuit dismissed the appeal, finding that it lacked arguable basis either in law or fact, (ECF No. 605.) While the appeal was still pending, Defendant moved this Court pro se for reconsideration of its November 9, 2021 Order. (Mot.) The Government opposed the motion. (ECF No. 607.) Since

his initial application for reconsideration, Defendant has submitted additional filings that seek to raise various other grounds for compassionate release.  (ECF Nos. 602, 606, 609, 612.)  The Court assumes the parties' familiarity with the factual background and previous filings in the case, including the first motion for compassionate release and the Court's November 9, 2021 Order.

## I.     APPLICABLE LAW

### A.     Motion for Reconsideration Legal Standard

While the Federal Rules of Criminal Procedure do not specifically address motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." United States v. Crumble, No. 18-CR-32, 2023 WL 3220983, at *2 (E.D.N.Y. May 3, 2023) (quoting United States v. Yannotti, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006)).  Local Criminal Rule 49.1(d) provides that any motion for reconsideration must be filed and served within 14 days of the order on the original motion.  See E.D.N.Y. Crim. R. 49.1(d).  "'The standards for reconsideration among the civil and criminal rules are largely the same.'" United States v. Harris, No. 18-CR-628, 2021 WL 848865, at *1 (E.D.N.Y. Mar. 5, 2021) (quoting United States v. Daugerdas, No. 09-CR-581, 2020 WL 4931988, at *2 (S.D.N.Y. Aug. 18, 2020) (internal quotation marks and citation omitted)).  The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Montblanc-Simplo GmbH v. Colibri Corp., 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010) (quoting Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y.

2001)).

The Court notes that "the denial of the motion [for compassionate release] generally will not preclude a renewed application on changed circumstances," such as, for example, a change in the defendant's health or medical conditions. United States v. Roney, 855 Fed. App'x 850, 855 (2d Cir. 2020) (summary order).

**B.    Motion for Compassionate Release Legal Standard**

Following the exhaustion of all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on a defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility – whichever is earlier – a defendant may file a motion for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The court may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action. See 18 U.S.C. § 3582(c)(1)(A).

"[D]istrict courts [may] consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Booker, 976 F.3d 228, 237 (2d Cir. 2020). Notably, "[e]ven if extraordinary and compelling reasons exist," the district court "may deny" a compassionate release "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. O'Neil, No. 17-CR-444, 2021 WL 1616915, at *1 (E.D.N.Y. 2021).

## II.    DISCUSSION

Defendant filed the instant motion for reconsideration on January 27, 2022, (Mot., ECF No. 601), which is more than 14 days after the Court's November 9, 2021 order. (ECF No. 593.) The Government opposes the motion. (Resp., ECF No. 607.)

3

Whether the Court construes Defendant's filing as a motion for reconsideration or a renewed motion for compassionate release, the Court denies the motion and refuses to grant Whaley compassionate release.

In the present motion, Defendant first claims that as of January 23, 2022, "about 100 inmates tested positive" for COVID-19 at the FCI Otisville, where he remains incarcerated. (Mot. at 2). However, as of June 3, 2024, the publicly available data[1] for the FCI Otisville shows no confirmed cases of coronavirus. As explained in the November 9, 2021 Order, Whaley already contracted COVID-19 in June 2020 and was subsequently vaccinated. The Court does not find that a risk of reinfection—even considering Whaley's other health issues—warrants compassionate release. Whether the Court construes the motion as the one for reconsideration or as a renewed compassionate release motion, Defendant's arguments concerning COVID-19 do not warrant compassionate release.

Second, Defendant claims that the conditions of his confinement warrant a reduced sentence, pointing to the "lockdown" conditions at FCI Otisville creating a hardship for him. For example, Defendant notes that he "must pick-up a hot meal and walk it far to the housing unit" so that when he is ready to eat, the food is "already cold," the exercise equipment was removed and unavailable for use in the facility, and he had to share a cell with another person which did not provide privacy and exposed Defendant to COVID-19. (Mot. at 2-4; ECF No. 606 at 3-4.) Whether construed as a renewed motion for compassionate release or as part of the motion for reconsideration, Defendant's "generalized statements about the conditions of confinement do not constitute extraordinary or compelling reasons for compassionate release." United States v.

---

[1] The public website https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#lastestCovidData (accessed Feb 23, 2024) provides daily updates but not the historic daily or total cases records.

Davidson, Case No. 15-CR-288, 2022 WL 484829, at *3 (S.D.N.Y. Feb. 17, 2022) (internal quotation marks and citations omitted).

Third, Defendant argues that the Court made an "error of fact" in its November 9, 2021 Order, which stated that the Court lacked the power to order that he serve his term of imprisonment in home confinement. (Mot. at 4.) In support of his claim, Defendant lists various cases which he asserts granted home confinement to various defendants. Whether construed as a motion for reconsideration or a renewed motion for compassionate release, this argument is meritless. The cases cited by Defendant are distinguishable from his own. In these cases, the court did not order that the BOP transfer defendants to serve the rest of their respective sentences of imprisonment in home confinement instead of in prison. Rather, after finding extraordinary and compelling reasons to do so, these courts reduced the defendants' sentences to time served and modified the terms of supervised release to include a condition of home confinement. See, e.g., United States v. Jean, No. 17-CR-0372, 2021 WL 1264239, at *3-4 (E.D.N.Y. Apr. 6, 2021) (finding, after considering all the § 3553(a) factors, that the term already served by defendant had achieved much of the original sentence's purposes, modifying the sentence to time served, and adding home confinement as an additional special condition to the previously imposed supervised release); United States v. Barriga-Beltran, No. 19-CR-0116, 2021 WL 1299437, at *3-4 (E.D.N.Y. Apr. 7, 2021) (modifying the defendant's sentence to time served and subjecting defendant to the previously imposed terms of supervised release with additional condition of home confinement and electronic monitoring).

The Court cannot order the BOP to move a particular defendant from a correctional facility to home confinement while serving his prison sentence—the location where a term of imprisonment is served is matter solely in the purview of the BOP. See 18 U.S.C. §3621(b); see also United States v. Kanagbou, 726 Fed. App'x 21, 25 n.1 (2d Cir. 2018) ("[T]he district court

5

does not control how the Executive Branch carries out a defendant's sentence."). The cases Defendant cites involving home confinement do not help him because this Court does not find it is appropriate to reduce his prison sentence to time served.

Fourth, Defendant renews his argument that his premature release would be appropriate because it would not lead to a disparity among similarly situated defendants. (Mot. at 4-5.) The cases that Defendant claims support his position are not analogous to Defendant's situation. The Court previously considered the § 3553(a) factors and determined that those factors, including the seriousness of Defendant's crimes, warranted the sentence imposed. Defendant appears to not accept the seriousness of his convictions for sex trafficking and forced labor conspiracies and insists that he was "just transporting workers to and from their jobs." (Mot. at 5.) Defendant's argument for renewal of this claim fails, whether styled as a motion for reconsideration or a renewed motion for compassionate release.

Fifth, Defendant makes a new argument, claiming that his sentence was a punishment for not taking a plea deal and going to trial. (Mot. at 5.) This is not a newly discovered fact as the trial concluded in 2011. A motion for compassionate release is not the appropriate mechanism for litigating this alleged constitutional violation. Moreover, this argument is substantively meritless and the Court finds that compassionate release is not warranted on this basis.

In his additional correspondence to the Court, (ECF No. 606), Defendant brings up an array of new arguments. He appears to argue that Judge Feuerstein improperly applied the Sentencing Guidelines and claims that a sentencing reduction is warranted. (Id. at 2-3, 6-7.) The Second Circuit, however, already upheld Judge Feuerstein's 25-year sentence and found no plain error in her application of the Guidelines. See United States v. Rivera, 758 Fed. App'x 148, 152 (2d Cir. 2018) (summary order). Similarly, Defendant claims that he should be resentenced because he

6

was incorrectly subjected to SORNA requirements. (ECF No. 606 at 7-11). In denying Whaley's § 2255 Petition, the Court already rejected this meritless argument. Whaley also alleges that his "new" medical diagnosis of high blood cholesterol and vitamin D deficiency warrants reduction of his sentence. (ECF No. 606 at 4-6.) He further claims that he was subjected to violence in prison because of his status as a sex offender, (ECF Nos. 609, 612). According to Defendant, all these circumstances support his argument that he should receive compassionate release.

Defendant, however, does not indicate that he exhausted his administrative rights with respect to these claims. And, even if the Court were to waive this exhaustion requirement, nothing in the Court's previous analysis of the § 3553(a) factors changes from Defendant's first motion for compassionate release. Defendant's minimization of his crimes, along with considerations of public safety and the need for appropriate deterrence clearly outweigh all the factors cited by Whaley, including his rehabilitation efforts while in prison. Accordingly, whether construed as a motion for reconsideration or a renewed motion for compassionate release, the Court denies Whaley's request for compassionate release.

### III.   CONCLUSION

For the reasons set forth above, Defendant's motion is DENIED.

**SO ORDERED.**

Dated:   June 5, 2024
         Central Islip, New York

                                                   /s/ (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE