UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-----------------------------------------------------------------------X
JOHN WHALEY,

                              Petitioner,

      -against-                            **ORDER**
                                                                 20-cv-01863 (JMA)
                                                                 09-cr-00619 (JMA)

UNITED STATES OF AMERICA,

                              Respondent.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

       On January 6, 2025, John Whaley filed a motion entitled "Extraordinary Motion Pursuant to Schlup v. Delo, 115 S.Ct. 851, 513 U.S. 298 (1995) – Actual Innocence." (ECF No. 636.)

       In his motion, Whaley argues that his conspiracy convictions on Counts 14, 17, and 22 should be vacated because the objects of these conspiracies are offenses that permit a defendant to be convicted based on a mens rea of "reckless disregard." Whaley contends that a person cannot conspire to commit a crime that involves a mens rea of negligence or "reckless disregard" rather than knowledge. Whaley contends that his attorneys were ineffective for not recognizing this purported principle and insists that they should have challenged these convictions and the jury instructions concerning these charges. In support of these arguments, Whaley relies on United States v. Spencer, No. 21-cr-253, 2024 U.S. Dist. LEXIS 144521, at *7 (E.D. Wis. Aug. 14, 2024), which involved similar arguments in the context of a defendant's challenge to his conviction for conspiracy to commit sex trafficking, 18 U.S.C. §§ 1591, 1594.

       Prior to filing the instant motion, Whaley had raised this claim to the Second Circuit in a filing dated November 25, 2024 which he styled as a motion to file a "second successive" petition. Whaley's filing with the Second Circuit also cited Spencer, 2024 U.S. Dist. LEXIS 144521, and contended that his counsel was ineffective for failing to "notice [this] constitutional error of law

as well as the jury instructions." (Nov. 25, 2024 Mot. at 5.). In an order dated December 20, 2024, the Second Circuit explained that this motion was not a "successive" petition, but nevertheless declined to transfer the motion to this Court because the Second Circuit found Whaley's claim was "meritless." Shortly after the Second Circuit issued this order, Whaley filed the instant motion.

"The mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010); see also Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006) (the mandate "rule holds that where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." (internal quotation marks and citations omitted)).

Given the mandate rule, Whaley's instant motion—which raises a claim that the Second Circuit already rejected as meritless— must be denied.

The Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to mail a copy of this Order to Whaley.

**SO ORDERED.**

Dated: February 6, 2025
Central Islip, New York

             /s/ (JMA)
            JOAN M. AZRACK
            UNITED STATES DISTRICT JUDGE